UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81589-CIV-HURLEY/HOPKINS

**SANCTUARY SURGICAL CENTRE,
INC., et al.,**

    Plaintiffs,

v.

**UNITED HEALTHCARE, INC., et a,**

    Defendant.

_____/

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITHOUT PREJUDICE

**THIS CAUSE** is before the court upon defendants' motions to dismiss and sever [DE # 22, 25, 30, 36]. For the reasons given below, the court will grant the motions.

### BACKGROUND

This is an ERISA action brought by four surgical centers and two medical service providers (collectively,"plaintiffs") against five insurance companies (collectively, "defendants") to recover payment of benefits allegedly due under health benefits plans. As is required on a motion to dismiss, the court has construed the allegations in the complaint in the light most favorable to plaintiffs. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1303 (11th Cir. 2008).

In late 2006, plaintiffs started performing a chiropractic procedure known as manipulation under anesthesia ("MUA") for patients suffering from a variety of ailments.[1] Compl. ¶ 18. The patients who were covered by ERISA health benefits plans assigned their right to benefits to

---

[1] To perform a MUA, a "patient is placed under sedation to allow the physician to manipulate specific areas of the patient's body to treat a variety of musculoskeletal conditions." Compl. ¶ 18.

plaintiffs, who submitted the bills for the procedures to defendants. *Id.* Initially, defendants approved the claims and made payments for the procedures directly to plaintiffs. Compl. ¶ 22. Toward the end of 2007, however, defendants began denying the MUA claims across-the-board, claiming that the procedure was "experimental, investigatory, [and] not medically necessary." Compl. ¶ 23.

According to the complaint, plaintiffs called defendants before performing each MUA to determine, among other things, whether the procedure would be covered under the particular health benefits plan. During each call, plaintiffs allegedly sought and obtained defendants' authorization to perform the MUA and, in some cases, received a reference number for the authorization. Despite giving the preauthorizations, defendants denied all MUA claims submitted by plaintiffs after some point toward the end of 2007.

The complaint asserts four claims against defendants. Count one asserts a claim under 29 U.S.C. § 1132 (a)(1)(B) for wrongful denial of ERISA benefits. Count two alleges that defendants breached their fiduciary duties by, among other things, ceasing to make payments to plaintiffs. Count three asserts that defendants violated ERISA by failing to perform a full and fair review of the MUA claims they denied. Count four asserts that defendants should be equitably estopped from refusing to pay for the MUA procedures.

In response to the complaint, defendants filed motions to dismiss or, in the alternative, for a more definite statement. Three of the defendants – Connecticut General Life Insurance Company, Inc., CIGNA Healthcare, Inc., and CIGNA Healthcare of Florida, Inc. (collectively, "CIGNA") – filed a joint motion, while the two other defendants – United Healthcare, Inc. ("United Healthcare") and Aetna, Inc. ("Aetna") – each filed separate motions. In addition, CIGNA and United Healthcare filed

motions to sever defendants from one another. Since the motions raise mostly the same issues, the court will address all of the motions in this order.

## JURISDICTION

This court possesses federal subject-matter jurisdiction under 28 U.S.C. § 1331 because plaintiffs' complaint raises claims arising under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq*.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the Southern District of Florida.

## DISCUSSION

### A.   *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. Id. On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law.

*See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Motions to Dismiss

#### 1. Pleading Deficiencies

##### a. Rules 8 and 10

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quotation omitted). Rule 10(b) further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 8(a)(2). The Eleventh Circuit has explained that Rules 8 and 10:

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Davis,* 516 F.3d at 980 n. 57.

The complaint in this case fails to comply with the requirements of Rules 8 and 10 for two reasons. First, the complaint fails to provide sufficient factual allegations to put defendants and the court on notice of the specific factual basis for each claim. The complaint does not provide information on the identity of the patients for whom the procedures were performed, identify the specific ERISA plan that covered each patient, state what conditions were being treated by the MUA, specify the terms of the plan that defendants allegedly violated, and state the date on which the

4

procedure was performed. As a result, defendants are incapable of preparing a proper answer to the complaint.

To comply with the requirements of Rules 8 and 10, plaintiffs must identify, to the extent possible, the patient (for privacy reasons, not by patient name, but by patient identification number), the condition the patient suffered from that necessitated the procedure, the specific ERISA plan that covered the patient, the term of the plan that defendant allegedly violated, and the date the procedure was performed. This information would be best presented in a spreadsheet format, with all the information relating to a particular patient contained in a single row. The spreadsheet can be placed inside the complaint, or attached to the complaint and incorporated by reference.

Second, plaintiffs' complaint fails to comply with Rules 8 and 10 because it is an impermissible shotgun pleading. A "shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002); *see Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). As a result, shotgun pleadings are routinely condemned by the Eleventh Circuit. *See, e.g., Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991) ("Anyone schooled in the law who read these [shotgun pleading] complaints . . . [ ] would know that many of the facts alleged could not possibly be material to all of the counts. Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for

themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.").

Here, although the first 25 paragraphs of the complaint contain allegations that appear to relate to some but not all of the counts, count one (which begins in paragraph 26) incorporates the first 23 paragraphs of the complaint.[2] In typical shotgun fashion, counts two, three, and four successively incorporate the allegations of all the preceding paragraphs and counts, even though many of the allegations have no bearing on the claims. Accordingly, plaintiffs must replead their complaint to comply with the Eleventh Circuit's case law on shotgun pleadings.

### B.     Misjoinder of Defendants

Defendants contend that they have been misjoined in this lawsuit and seek to be severed from one another. Rule 20(a)(2) provides for permissive joinder of defendants when two requirements are met: (1) there must be some question of law or fact common to all parties which will arise in the action, and (2) there must be some right to relief asserted on behalf of each of the plaintiffs, and against each of the defendants, relating to, or arising out of, a single transaction or occurrence or series of transactions or occurrences. *See* Fed. R. Civ. P. 20(a). "Although the preconditions for permissive joinder are construed generously to permit the broadest scope of action commensurate with traditional notions of justice and fair play, the court possesses equally broad discretion to sever parties based on misjoinder." *Thompson v. Windsor*, 2009 WL 3074328, at * 1 (N.D. Fla. 2009) (citing *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000).

Here, plaintiffs allege that the defendants engaged in similar conduct in first approving and

---

[2] It appears that plaintiffs intended to incorporate the first 25 paragraphs in count one, because paragraphs 24 and 25 appear to be highly relevant to the count.

then later denying all claims for MUA procedures. However, the complaint does not allege that the defendants acted in concert with one another or otherwise shared some connection with one another. Rather, the complaint simply alleges that different insurance companies applied the terms of different insurance plans to reach the same conclusion that MUAs are not medically necessary.

These allegations are insufficient to justify joining defendants in a single suit. "One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20." *McDowell v. Morgan Stanley & Co., Inc.*, 645 F.Supp.2d 690, 697 (N.D. Ill. Aug. 10, 2009); *see Hartley v. Clark*, 2010 WL 1187880 at * 3 (N.D. Fla. Feb. 12, 2010) ("Rule 20 refers to the same transaction or occurrence not to similar transactions or occurrences."). Because there is no relationship between defendants' alleged conduct, the requirements for joinder are not met.

Moreover, in light of the numerosity of the claims in this case, the court finds that the interests of judicial economy are best served by severing the defendants and requiring separate suits. *See Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) ("[E]ven if [the test under Rule 20(a)] is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay . . ., ensuring judicial economy . . ., or safeguarding principles of fundamental fairness.")

Accordingly, the court concludes that the defendants must be severed into separate lawsuits. *See* Fed. R. Civ. P. 21 (instructing that the court may "sever any claim against a party" that is misjoined). Plaintiffs' claims against the first named defendant, United Healthcare, shall remain before this court, and the four remaining defendants shall be severed from this case. Plaintiffs shall be free to file a new lawsuit against each of the severed defendants. Since the new complaints will

be given new case numbers and randomly assigned to judges in accordance with the local rules, the plaintiffs are directed to inform the clerk and newly assigned judges that a related case is pending before the undersigned and that the undersigned has indicated his assent to receive all related cases. *See* S.D. Fla. L. R. 3.8.

        2.    *Wrongful Denial of Benefits*

Defendants argue that the complaint fails to state a plausible claim that they denied the MUA claims for improper reasons. The court agrees. The ERISA plans in this case limit coverage to medical procedures that are medically necessary, and not experimental or investigatory. The complaint, however, fails to allege generally that MUAs are medically necessary, and not experimental or investigatory. Nor does it allege that the procedure was necessary for each patient on whom it was performed. Without such allegations, the complaint fails to state a claim for wrongful denial of benefits.

> As explained by the United States District Court for the District of New Jersey:
>
> [T]he fact that a procedure may be medically necessary . . . for one condition shows nothing about its necessity or appropriateness for another . . .. Moreover, and most critically, Plaintiffs never allege that the procedures as described were either medically necessary or non-experimental for the conditions they were used to treat. Without that threshold averment, there is nothing upon which the Court can credit Plaintiff's assertion that the denials were all pretextual.

*Advanced Rehabilitation, LLC v. Unitedhealth Group, Inc.*, 2011 WL 995960, at * 3 (D.N.J. Mar. 3, 2011).

To state their claim for wrongful denial of benefits, plaintiffs must allege that the MUAs were medically necessary, and not experimental or investigatory, in light of the specific medical conditions of each patient.

   3.  *Equitable Estoppel under ERISA*

Defendants argue that plaintiffs have failed to state a cause of action for equitable estoppel under ERISA. The Eleventh Circuit "has created a very narrow common law doctrine under ERISA for equitable estoppel." *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1090 (11th Cir. 1999). "It is only available when (1) the provisions of the plan at issue are ambiguous, and (2) representations are made which constitute an oral interpretation of the ambiguity." *Id.*

The complaint in this case alleges that defendants represented that the MUAs were covered by the health plans, that plaintiffs relied on the representations and performed the procedures, and that defendants should be estopped from not paying for the MUAs. The complaint, however, does not allege that the plans at issue were ambiguous, much less identify the specific ambiguity in the provisions.[3] Therefore, plaintiffs have failed to state a claim for equitable estoppel under ERISA.[4]

To properly state a claim for equitable estoppel, plaintiffs must identify the ambiguity on which they rely. If plaintiffs are contending that no specific provision were ambiguous, but that there was an "inherent ambiguity," plaintiffs must make such an allegation in the amended complaint.

   4.  *Full and Fair Review*

Count III of the complaint is for failure to provide plaintiffs with a full and fair review of

---

[3] In response to defendants' motions to dismiss, plaintiffs maintain that "an inherent ambiguity exists within every plan." However, the complaint does not allege such an "inherent ambiguity." Without such an allegation, the complaint fails to state a claim for equitable estoppel under ERISA. Whether an "inherent ambiguity," as opposed to an express one, is sufficient to state a claim for equitable estoppel is an issue that the court declines to address at this time.

[4] Defendants also contend that plaintiffs could not have reasonably relied on defendants' representations. The court finds that this is a question of fact that cannot be properly resolved on a motion to dismiss.

their claims. According to the complaint, defendants failed to provide a full and fair review by "making claim denials that are inconsistent or unauthorized by the terms of their patients plans" and by "failing to disclose their methodology and other critical information relating to such claims denials." Compl. ¶ 49.

Defendants argue, and the court agrees, that this claim fails to states a plausible claim for relief. The complaint fails to identify the plans or the plan terms with which the claim denials are inconsistent. In addition, the allegation that defendants failed to disclose their "methodology and other critical information" is vague and conclusory. *See Lieberman v. United Healthcare Inso. Co.*, 2010 WL 903260, at * 4 (S.D. Fla. Mar. 10, 2010) (dismissing "full and fair review" claim premised on defendant's failure to "disclose the methodology used to determine the non-participating provider reimbursement"). Therefore, plaintiffs' "full and fair review" claim is inadequate and must be repled.

### 5. *Breach of Fiduciary Duty*

Count II of the complaint is for breach of fiduciary duty. Defendants contend that plaintiffs cannot assert such a claim because it is duplicative of the claim for wrongful denial of plan benefits under § 502(a)(1)(B).

Under ERISA § 502(a)(3), plan participants are permitted to maintain an action to obtain "appropriate equitable relief" to redress violations of ERISA, including breaches of fiduciary duty. 29 U.S.C. § 1132(a)(3). In *Varity Corp. v. Howe*, the Supreme Court explained that § 502(a)(3) is a "catchall" provision that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." 516 U.S. 489, 512 (1996). When the allegations supporting a "Section 502(a)(3) claim [are] also sufficient to state a cause of

action under Section 502(a)(1)(B)," the section 502(a)(3) claim is not appropriate and should be dismissed. *Jones v. Am. Gen. Life & Accident Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004); *see Varity*, 516 U.S. at 515 ( "[W]here Congress elsewhere provided adequate relief [in ERISA] for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'").

Here, plaintiffs' breach of fiduciary claim is based on the same allegations as its claim for unpaid benefits: that defendants violated their fiduciary duty of care and loyalty by "ceasing to make payment to Plaintiffs of amounts due to Plaintiffs under the terms of plans, for no valid reason, or inappropriately paying substantially reduced amounts for the procedures performed." Compl. ¶ 43. Since the allegations in support of the breach of fiduciary duty claim are sufficient to state a claim for wrongful denial of benefits, the fiduciary duty claim is not appropriate and must be dismissed.

Defendants argue that their "claims for fiduciary duty lie not in the withholding of benefits, but in the way that [defendants] materially misrepresented to Plaintiffs that the procedures in question met all of [defendants'] criteria for coverage and that [defendants] would make payment to Plaintiffs." DE # 45, p. 13. However, a review of the breach of fiduciary duty claim shows that the claim is, in fact, based on the wrongful withholding of benefits. Defendants must replead their claim if it is based on plaintiffs' misrepresentations.

      6.    *Assignment Bar*

Defendants argue that some of the ERISA plans at issue in this case prohibit assignments and that plaintiffs claims under such plans should be dismissed. An unambiguous anti-assignment provision renders an assignment ineffective. *Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir.2004). However, an Florida statute that

expressly allowed anti-assignment clauses in insurance contracts was amended in July 2009 to expressly disallow anti-assignment provisions. Fla. Stat. § 627.638(2). The statutory change does not appear to be retroactive.

The court concludes that it is unable to properly address defendants' argument at this stage of the litigation. The court does not know which ERISA plans have anti-assignment clauses or what the anti-assignment clauses say. Nor does the court know which claims relate to MUAs that were performed before Florida law changed to prohibit anti-assignment clauses. Thus, the court cannot resolve defendants' argument at this time. Once defendants are able to identify the plans that have anti-assignment clauses, the language of each anti-assignment clause, and the date on which the MUAs were performed, they may reassert this argument.[5]

### 7. *Exhaustion*[6]

Defendants contend that the complaint should be dismissed because it does not properly allege that plaintiffs exhausted their administrative remedies or that exhaustion would be futile. "The law is clear in [the Eleventh Circuit] that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006). "In the case of insurance claims, exhaustion of administrative remedies often involves an appeal of a claim denial to the insurer." *Kahane v. UNUM Life Ins. Co. of Am.*, 563 F.3d 1210, 1214-1215 (11th Cir. 2009).

The complaint alleges that defendants began "issuing denial on every in-state claim it

---

[5] At that time, the court will be in a better position to address plaintiffs' argument that defendants waived their right to object to the assignment as a result of the parties' course of dealing.

[6] The CIGNA defendants did not moved to dismiss on exhaustion grounds, only United Healthcare and Aetna.

received from Plaintiffs" and that "[u]pon receipt of those denial, Plaintiffs filed internal appeals on the denied claims in order to exhaust their administrative remedies." Compl. ¶ 23. According to the complaint, "[d]efendants now have taken the position that they are not required to pay for any of the MUAs." Compl. ¶ 24.

These allegations are not sufficient to properly plead exhaustion for two reasons. First, the complaint fails to state whether internal appeals were filed for all, or just some, of the denied claims. *See Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F.Supp 1052, 1064 (S.D. Fla. 1997) (holding that plaintiff, the assignee of benefits under multiple ERISA plans, did not properly plead exhaustion because complaint failed to specify which denials plaintiffs appealed). Second, the complaint only alleges that plaintiffs "filed internal appeals"; it does not allege that plaintiffs followed the appeals process to its conclusion or were otherwise prevented from doing so. *Id.* (exhaustion improperly pled where complaint alleged simply that plaintiff had "attempted to resolve the above cases and to exhaust plan remedies").

Thus, plaintiffs have failed to properly allege that they exhausted their administrative remedies. To properly plead exhaustion, plaintiffs must specify the action they took to exhaust their administrative remedies and the outcome of the action.

Defendants also argue that the complaint insufficiently alleges futility. Plaintiffs, in response, contend they properly alleged futility with the following allegation: defendants took "the position that they are not required to pay for any of the MUAs that Plaintiffs rendered to numerous patients." Compl ¶ 24. A "district court has the sound discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate, . . . or where a claimant is denied meaningful access to the administrative review scheme in place." *Perrino v. S. Bell Tel.*

*& Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000). "[B]are allegations of futility are not sufficient; plaintiffs must make a clear and positive showing of futility to suspend the exhaustion requirement." *Springer v. Wal-Mart Assocs. Group Health Plan*, 908 F.2d 897, 900 (11th Cir. 1990).

Defendants contend that plaintiffs have not satisfied the standard for futility in the ERISA context, because "[t]he test for 'futility' is not . . . whether the [plaintiffs'] claims would succeed, but whether [plaintiffs] could have availed themselves of the grievance procedure." *Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1224 (11th Cir. 1985). Since the complaint does not allege that a review process was not available to plaintiffs, defendants argue that plaintiffs have failed to adequately plead exhaustion.

Defendants take an overly narrow view of the futility doctrine. The Eleventh Circuit has made clear that the district court may excuse exhaustion not only when the claimant is denied meaningful access to the administrative review scheme, but also when the available remedy is inadequate *or* the resort to administrative remedies would be futile. *See Perrino*, 209 F.3d at 1315. In *Oliver v. Coca Cola Co.,* for example, a plan beneficiary filed a claim for disability benefits, and the committee denied his claim, finding that he could perform his "own occupation." 497 F.3d 1181 (11th Cir. 2007), vacated in part on petition for reh'g, 506 F.3d 1316 (11th Cir. 2007). The plan provided that after the first 24 months following the onset of the disability, the "any occupation" standard would apply in place of the "own occupation" standard. Although the beneficiary did not exhaust his administrative remedies with respect to his claim for disability benefits under the "any occupation" standard, the district court concluded that he was unable to perform any occupation and awarded benefits. On appeal, the Eleventh Circuit held that the district court did not abuse its discretion in excusing the beneficiary from exhausting his administrative remedies, because it would have been futile for the beneficiary to seek benefits under the "any occupation" standard when the

Order Granting Defendants' Motions to Dismiss and Sever
Sanctuary Surgical Centre, Inc., et al. v. United Healthcare, Inc., et al.
Case No. 10-81589-CIV-HURLEY/HOPKINS

committee had already denied his claim for benefits under the easier-to-satisfy "own occupation" standard.

Here, if it became apparent to plaintiffs after attempting to exhaust their administrative remedies for several claims that defendants had an inflexible policy of denying every MUA claim, then continuing to exhaust would have been futile. Thus, the court rejects defendants' argument that plaintiffs' allegation of futility must fail because the complaint does not allege that a review process was not available to plaintiffs. After reviewing the complaint, however, the court finds that plaintiffs' bare assertion of futility is insufficient. To properly plead futility, plaintiffs must allege why exhausting their administrative remedies would be futile and provide sufficient detail to make their claim of futility plausible.

## CONCLUSION

For the reasons given above, it is **ORDERED** and **ADJUDGED** that:

1. Defendants' motions to dismiss and sever [DE # 22, 25, 30, 36] are **GRANTED WITHOUT PREJUDICE** to replead in accordance with the rulings in this order.

2. Plaintiffs' complaint is **DISMISSED**.

3. Plaintiffs **SHALL** be permitted to file amended complaints that comply with the legal conclusions of this order within **TWENTY (30) DAYS** of its entry.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 27th day of May, 2011.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*