UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81589-CV-HURLEY/HOPKINS

**SANCTUARY SURGICAL CENTRE,**
**INC., et al.,**

    **Plaintiffs,**

v.

**UNITEDHEALTHCARE, INC.,**

    **Defendant.**
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE # 76]. For the reasons to follow, the Court will grant Defendant's motion and dismiss Plaintiffs' Amended Complaint without prejudice.

### BACKGROUND

The facts underlying this case as set forth in a prior version of the Amended Complaint were previously summarized in the Order Granting Defendants' Motions to Dismiss Without Prejudice [DE # 65]. The facts relevant to the instant motion are essentially the same. In brief, Plaintiffs are four surgical centers and two medical service providers seeking to recover payment of benefits allegedly due under employer health benefits plans.[1] Defendant, UnitedHealthcare, Inc. ("United") is the insurer providing and administering coverage under the plans. Plaintiffs performed a procedure known as "manipulation under anesthesia" ("MUA") for which they received pre-authorization from Defendant. Although Defendant had previously provided coverage for MUAs

---

[1] The patients to whom coverage is allegedly owed assigned their benefits under the plans to Plaintiffs. Am. Compl. ¶ 20 [DE # 71].

by sending payment directly to Plaintiffs or the patients, Defendant later denied coverage on the basis that the MUAs were unproven, experimental, investigational, not medically necessary, or otherwise not a covered service under the particular plan at issue[2] and therefore not entitled to coverage.

As in the original Complaint, in the Amended Complaint Plaintiffs assert four claims:

- Count One: Violation of § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), by failing to provide the coverage benefits owed under the plans.

- Count Two: Violation of § 502(a)(3) of ERISA by breaching the fiduciary duties of care and loyalty under § 3(21)(A), specifically by improperly denying coverage and by granting pre-approvals/pre-authorizations and then denying coverage.

- Count Three: Failure to provide full and fair review in the process of denying coverage to Plaintiffs.

- Count Four: Seeking to equitably estop Defendant from denying coverage after having granted pre-approvals on the basis of an inherent ambiguity in the language of each plan.

The Complaint originally named Defendant and other insurers together as co-defendants. The Court granted a motion to sever, and United is now the only remaining defendant in this action. The Court also granted a prior motion to dismiss. In addition to issues relating to misjoinder of parties, the Court dismissed the complaint for failure to plead with sufficient specificity to pass

---

[2] Notably, Plaintiffs claims arise from a variety of different plans, and the MUAs at issue were administered to treat a variety of different conditions.

2

muster under Federal Rules of Civil Procedure 8 and 10 and for shotgun pleading. Additionally, the Court found deficiencies with respect to individual claims. Regarding count one, wrongful denial of benefits, the Court found that Plaintiffs did not sufficiently allege medical necessity of the MUA for each plaintiff in light of that plaintiff's condition. As to count four, seeking equitable estoppel, the Court found that Plaintiffs did not sufficiently demonstrate an ambiguity in the plan at issue as required by *Katz v. Comprehensive Plan of Grp. Ins.*, 197 F.3d 1084, 1090 (11th Cir. 1999). As to count three asserting a failure to provide full and fair review, the Court found that Plaintiffs could not state a plausible claim for relief without identifying the plans or plan terms with which the claim denials were inconsistent. Finally, as to count two for breach of fiduciary duty, the Court dismissed this claim because it was ultimately premised not on Defendant's alleged misrepresentations but on its denial of benefits and therefore duplicative of count one.

In the instant motion to dismiss, Defendant challenges the Amended Complaint on a variety of grounds, including a reassertion of the bases of the initial dismissal. Defendant argues first that the entire complaint must be dismissed because Plaintiffs have not provided the level of specificity the Court required in its dismissal order [DE # 65]. Specifically, Defendant argues that Plaintiffs' failure to identify the specific ERISA plans that covered each patient and the terms of those plans that Defendant allegedly violated is grounds for dismissal of the entire complaint. Similarly, Defendant argues that Plaintiffs still have not plausibly alleged that Defendant improperly denied benefits for the MUAs because Plaintiffs have not shown medical necessity with respect to the condition of each patient. Furthermore, Defendant argues Plaintiffs have not passed the additional hurdle of showing that Defendant exceeded the discretion reposed in it to interpret and apply plan terms.

Turning to the breach of fiduciary duty claim, Defendant argues that Plaintiffs do not have standing to assert such a claim because, although the patients assigned their plan benefits to Plaintiffs, such an assignment is insufficient under these circumstances to assign the right to sue for a breach of fiduciary duty. In addition, Defendants reassert that the claim is duplicative of the claim for wrongful denial of benefits in count one.

Defendant also reasserts that the full and fair review claim must be dismissed because Plaintiffs have still not identified the specific plans terms that have allegedly been violated, and Defendant adds the argument that the full and fair review claim can be dismissed because it would not actually entitle Plaintiffs to any relief other than allowing them to pursue their claims in federal court, which they are already doing. Finally, Defendant again asserts failure to show the requisite ambiguity necessary to plead an equitable estoppel claim under the federal ERISA common law.

## JURISDICTION AND VENUE

This Court possesses federal subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under ERISA, 29 U.S.C. § 1001 *et seq*. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the Southern District of Florida.

## DISCUSSION

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most

favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986). Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

  **A.**  **Dismissal Under Federal Rules Eight and Ten**

The Court has previously discussed the pleading standards imposed by Rule 8 and 10 of the Federal Rules of Civil Procedure. The Eleventh Circuit has explained that Rules 8 and 10:

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.57 (11th Cir. 2008). The Court previously determined that Plaintiffs' failure to plead wrongful denial of ERISA plan benefits as to so many patients—in this case 996—with different conditions and under different plans in discrete counts violated Rules 8 and 10. This deficiency continues to exist in the Amended Complaint. Furthermore, Plaintiffs continue to cite no specific plan terms that form the basis of their claims, nor do they identify the specific plans at issue with respect to each of the patients. These failures prevent Defendant from crafting a responsive pleading because Defendant is not sufficiently apprised of the

facts underlying Plaintiffs claims and cannot address issues like medical necessity with respect to over nine hundred patients in a single count.

Plaintiffs suggest that they have complied with the Court's directive to identify the plans and plan terms "to the extent possible" because they are not in possession of their patients' plans. However, the fact that Plaintiffs have not obtained and reviewed the plans does not render it impossible to do so, and as Defendant correctly points out, their failure to obtain the plans under which they are suing does not absolve them of federal pleading requirements. Other courts have reached similar conclusions. *See, e.g.*, *In re Managed Care Litig.*, No. 1:00-md-01334-FAM, 2009 WL 742678, *3 (S.D. Fla. Mar. 20, 2009) ("[F]ailure to identify the controlling ERISA plans makes the Complaint unclear and ambiguous. . . . [F]ailure to properly allege the existence of an ERISA plan also makes it impossible for Plaintiffs to sufficiently allege the basis of Defendants' liability under a given plan."); *Forest Ambulatory Surgical Assocs., L.P. v. United Healthcare Ins. Co.*, No. 10-cv-04911-EJD, 2011 WL 2749724, *5 (N.D. Cal. July 13, 2011) ("To state a claim under [§ 1132(a)(1)(B)], a plaintiff must allege facts that establish the existence of an ERISA plan as well as the provisions of the plan that entitle it to benefits.").

For these reasons, the Court will again grant Defendant's motion to dismiss. To sufficiently plead its claims, Plaintiffs must establish the existence of the ERISA plans under which they sue. *See, e.g.*, *Advamced Rehab., LLC v. UnitedHealth Group, Inc.*, No. 10-cv-00263 (DMC)(JAD), 2011 WL 995960, *2 (D.N.J. Mar. 17, 2011) (listing, quoting, and summarizing the health plans under which a class of plaintiffs brought ERISA claims). "A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Forest Ambulatory*, 2011 WL 2749724 at *2 (quoting *Donovan v. Dillingham*,

688 F.2d 1367, 1373 (11th Cir. 1982). Having established the plan at issue, Plaintiffs must then identify the plan terms Defendants have breached. In doing so, Plaintiffs must be mindful of their obligation under Rules 8 and 10 to plead their claims discretely in counts such that dissimilar plan terms and patient conditions that present entirely different factual and legal questions are not improperly grouped together into a single count.

Furthermore, to sufficiently plead its standing as an ERISA beneficiary to assert the claims in the Amended Complaint, Plaintiffs must also provide the language of the actual assignments. Defendant has challenged Plaintiff's standing to sue for breach of fiduciary duty. "Like any other contract, the scope of the assignment depends foremost upon the language of the agreement itself." *Via Christi Reg'l Med. Ctr., Inc. v. Blue Cross & Blue Shield of Kan., Inc.*, Nos. 04-1253-WEB, 04-1339-WEB, 2006 WL 3469544, *7 (D. Kan. Nov. 30, 2006). Therefore, the Court is unable to determine whether, as a matter of law, the alleged assignments actually conferred upon Plaintiffs standing to assert breach of fiduciary duty claims without reference to the language of the assignments.

### B.   Other Issues Raised in the Motion

Although the Court would like to facilitate the progression of this case by addressing other legal issues it anticipates will arise again should Plaintiffs file a second amended complaint, Plaintiffs' pleading deficiencies make this impracticable. For example, Plaintiffs appear to rely on their factual allegation that Defendant preauthorized each MUA to support their argument that the MUAs were medically necessary. However, without access to the applicable plan terms, the Court is unable to deign the significance of a preauthorization. Because preauthorizations seem to be the crux of many of Plaintiffs claims, the Court is greatly handicapped in its efforts to resolve the legal

issues presented by the motion by not having any basis to determine what the preauthorizations actually mean. Therefore, the Court can do very little to facilitate the progression of this case until such time as Plaintiffs have submitted a second amended complaint that complies with the pleading requirements described herein.

The Court is, however, prepared to offer judgment in one respect. Plaintiffs state as their third cause of action failure to provide full and fair review. The parties disagree whether this claim would actually entitle Plaintiffs to any relief. Defendants argue that the only result of a favorable determination would be that Plaintiffs would be allowed to proceed in this court without establishing that they have exhausted their administrative appeals but that since Plaintiffs are already proceeding in this Court, they cannot obtain any actual benefit from this count. Plaintiffs respond that they would still like to retain the benefit of their administrative appeals being deemed exhausted in the event that the Court would otherwise find that Plaintiffs did not exhaust these remedies and dismiss the case. The solution seems to be that Plaintiff should not assert failure to provide full and fair review as a separate count and grounds for relief but rather as a general allegation in support of its claims. The Court will therefore dismiss Plaintiffs' third cause of action, and while Plaintiffs may not state a claim for relief based on Defendant's alleged failure to provide full and fair review, they may allege failure to provide full and fair review in support of their other causes of action.

## CONCLUSION

For the reasons given, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion [DE # 76] is **GRANTED**.
2. Plaintiffs' First Amended Complaint is **DISMISSED WITHOUT PREJUDICE** to re-file in accordance with this Order no later than **THIRTY (30) DAYS** after the date this Order is entered.

Order Granting Defendant's Motion to Dismiss
Sanctuary Surgical Centre, Inc. v. UnitedHealthcare, Inc.
Case No. 10-81589-CV-HURLEY

      3.      Plaintiffs' third cause of action for failure to provide full and fair review is **DISMISSED WITH PREJUDICE** but may be included in a future complaint as a general allegation in support of other causes of action.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of December, 2011.

                                                        Daniel T. K. Hurley
                                                         United States District Judge

*Copies provided to counsel of record*