## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 10-81589-CIV-HURLEY/HOPKINS

SANCTUARY SURGICAL CENTRE, INC.,
GLADIOLUS SURGICAL CENTER, LLC,
PHYSICIANS SURGICAL GROUP, LLC,
NAPLES PHYSICIANS SURGICAL GROUP, LLC,
PSG OF S. FLORIDA, LLC, PHYSICIANS SURGICAL
GROUP OF BOCA RATON, LLC,

       Plaintiffs,

vs.

UNITEDHEALTH GROUP, INC., UNITED
HEALTHCARE SERVICES, INC., UNITED
HEALTHCARE INSURANCE COMPANY,

       Defendants.

_____/

**PLAINTIFFS SANCTUARY SURGICAL CENTRE, INC., GLADIOLUS SURGICAL CENTER, LLC, PHYSICIANS SURGICAL GROUP, LLC, NAPLES PHYSICIANS SURGICAL GROUP, LLC, PSG OF S. FLORIDA, LLC, AND PHYSICIANS SURGICAL GROUP OF BOCA RATON, LLC'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Sanctuary Surgical Centre, Inc., Gladiolus Surgical Center, LLC, Physicians Surgical Group, LLC, Naples Physicians Surgical Group, LLC, PSG of South Florida, LLC, and Physicians Surgical Group of Boca Raton, LLC (collectively referred to as "Plaintiffs")  respectfully submit this Memorandum of Law in support of their Motion to Dismiss UnitedHealthcare Group, Inc., UnitedHealthcare Services, Inc. UnitedHealthcare Insurance Company's (collectively referred to as "UnitedHealth") counterclaims.

## PROCEDURAL HISTORY

On December 15, 2010, Plaintiffs filed their initial complaint against United Healthcare, Inc., Aetna, Inc., and CIGNA, in the action entitled Sanctuary Surgical Centre, Inc., et. al. v. United Healthcare Inc., et. al., Case No.: 10-81589-CIV-HURLEY/HOPKINS.

Following the filing of the complaint, all three defendants filed motions to dismiss and UnitedHealth and Aetna also filed motions to sever.  Thereafter, the Court severed the cases and granted the motions to dismiss without prejudice.  (D.E. 65 Order Granting Defendants' Motions to Dismiss Without Prejudice ("Order").  Pursuant to the Order the Court ruled that Plaintiffs were permitted to file amended complaints (via three separate actions), in accordance with the legal conclusions of the Order.  Order at 15.  Plaintiffs filed their First Amended Complaint on July 11, 2011.  Thereafter, UnitedHealth filed another motion to dismiss and the Court granted that motion, without prejudice and allowed Plaintiffs to file a Second Amended Complaint. (D.E. 90 "Second Dismissal Order").  In accordance with the directives of the Second Dismissal Order, the Plaintiffs filed their Second Amended Complaint ("SAC") on March 14, 2012.  UnitedHealth filed a Motion to Dismiss Plaintiffs' SAC.

On October 22, 2012, the Court ruled on UnitedHealth's Motion to Dismiss. The Court allowed the majority of Plaintiffs' claims to move forward and ordered UnitedHealth to file an answer to Plaintiffs' SAC. D.E. 112. On November 6, 2012, UnitedHealth filed its answer along with five counterclaims against the Plaintiffs. D.E. 117.

## STATEMENT OF FACTS

This dispute arises from UnitedHealth's failure to make payments for manipulations under anesthesia ("MUAs") SAC ¶ 19. Plaintiffs are non-participating providers in UnitedHealth's health insurance network. *Id.* ¶ 13. Plaintiffs receive written assignments of benefits from each patient for services provided. *Id.* ¶ 59. The assignments of benefits assign all the benefits the patient was entitled to under the applicable insurance plan to the Plaintiffs. *Id.* When a patient who is covered under health benefits plans that UnitedHealth administers seeks to undergo surgery, Plaintiffs' employees initiate a telephone dialogue with UnitedHealth to confirm with UnitedHealth the existence, nature and extent of the patient's out-of-network coverage. *Id.* ¶ 32-35. Plaintiffs receive all the necessary pre-authorizations and/or pre-approvals for all MUA procedures prior to performing the procedures. *Id.* ¶ 34. In many instances, after confirming the patient's out-of-network coverage, UnitedHealth provides to Plaintiffs a UnitedHealth authorization number for the patient's MUA. *Id.* Plaintiffs will not proceed with a patient's MUA if UnitedHealth denies a necessary pre-authorization. *Id.* The MUAs were covered services under the applicable plans. *Id.* ¶ 46-58.

UnitedHealth consistently made payments to Plaintiffs for MUAs for several years. *Id.* ¶ 41. UnitedHealth did not make any claim for recoupment of the amounts paid for these claims until the civil theft demand letter was sent on November 5, 2012. After several years, the payments to Plaintiffs ceased, when UnitedHealth began the process of issuing systematic

denials on all claims it received.  *Id.* ¶ 42.  The claims were generally denied by UnitedHealth for allegedly being experimental, investigatory, not medically necessary, or for not being a covered benefit under the plan.  *Id.*  Plaintiffs filed all the required internal appeals to their exhaustion. *Id.* ¶ 43.  UnitedHealth denied all of the appeals.  *Id.*

**STANDARD OF REVIEW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).  Courts grant a motion to dismiss when a complaint simply alleges, "a formulaic recitation of the elements of a cause of action."  *Id.* at 545.  To survive a motion to dismiss, a complaint must allege, "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 554-556.  "Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1951 (2009).  Further, Rule 10 states, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Fed. R. Civ. P. 10(b).

UnitedHealth's Counterclaim should be dismissed in its entirety for failure to provide sufficient factual allegations to support its claims.  UnitedHealth has given a handful of examples to support its claims pertaining to hundreds of patients.

**ARGUMENT**

**I.  UNITEDHEALTH'S COUNTERCLAIM SHOULD BE DISMISSED FOR FAILURE TO PLEAD ITS CLAIMS PROPERLY UNDER FEDERAL RULES 8 AND 10.**

UnitedHealth has not alleged enough facts, "to raise a right of relief above a speculative level." *Bell Atl. Corp.*, 550 U.S. at 555-556.  UnitedHealth makes general conclusory allegations that are nothing more than legal conclusions.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286…(1986) (on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation')."  *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949.  UnitedHealth has not properly pled its allegations to establish viable claims against Plaintiffs.

The 11th Circuit and this Court have held that Rules 8 and 10 of the Federal Rules of Civil Procedure:

> work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Sanctuary Surgical Ctr., Inc. v. Unitedhealthcare, Inc.*, 2011 U.S. Dist. LEXIS 150032 (S.D. Fla. Dec. 30, 2011), *quoting*, *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 n.57 (11th Cir. 2008).  The Court in this case previously dismissed one of Plaintiffs' own claims for failure to plead their claims discretely.  D.E. 112 at 10.  The Court held:

> Here, Plaintiffs have grouped together over 500 different patients with different conditions on whom Plaintiffs performed MUAs individually and presumably as

> part of distinct transactions…To prove their entitlement to benefits, Plaintiffs
> would have to establish the medical necessity of each MUA with respect to each
> patient, which would require analysis of a vast array of distinct issues potentially
> under different legal standards.  As a practical matter, it is impossible to evaluate
> the medical necessity of over 500 cases and 900 MUAs when grouped together in
> a single count, much less to grant relief on a single count encompassing 900
> independent mixed questions of fact and law.

*Id*. at 8-9.  UnitedHealth is now attempting to lump claims for over 500 different patients, based

on different alleged actions by the Plaintiffs, into five counts.   UnitedHealth alleges that

Plaintiffs paid for travel and lodging for patients, failed to collect co-insurance, failed to obtain

medical pre-clearance, and UnitedHealth even goes so far as to allege that Plaintiffs did not

perform the procedures billed to UnitedHealth in an attempt to mask reimbursement for spinal

MUAs.  Counterclaim ¶ 7.  These alleged facts certainly, "require an analysis of a vast array of

distinct issues potentially under different legal standards," as different alleged facts apply to

different patients.  D.E. 112 at 8.  Plaintiffs have no way of determining which factual allegations

apply to the over 500 patients at issue in this case, nor can they properly respond to such

allegations.

UnitedHealth also alleges that Plaintiffs failed to conform with minimum medical

standards based on the time spent on some MUAs.  Counterclaim ¶ 54.  UnitedHealth then

provides five examples of patients who had MUAs and the time spent on each patient.  *Id.*  This

allegation requires a fact specific analysis to determine if in fact the appropriate amount of time

was spent on each patient.  UnitedHealth presents similar allegations in ¶ 56, noting three

examples of patients and the time spent on each patient.  UnitedHealth also alleges referring

chiropractors from other states were involved in the procedures and list three examples of

patients where they believe this occurred.  Counterclaim ¶ 57.  Again, this is a factual issue

specific to each patient.   Aside from the three examples given, Plaintiffs have no way to determine to which patients these allegations apply.

UnitedHealth's pleading is clearly in violation of Federal Rules 8 and 10 as the Plaintiffs have no way to determine which alleged facts apply to the patients at issue.   All of UnitedHealth's claims must be dismissed for the same reasons Plaintiffs' claim was previously dismissed.[1]

Further, UnitedHealth's Counterclaim constitutes a shotgun pleading in violation of Federal Rules 8 and 10.   As this Court and the 11th Circuit have previously held, "[a] shotgun complaint contains several counts, each one incorporates by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.* all but the first) contain irrelevant factual allegations and legal conclusions."   *Sanctuary Surgical Ctr., Inc. v. Unitedhealthcare, Inc.*, 2011 U.S. Dist. LEXIS 57952 at *8 (S.D. Fla. May 27, 2011), *quoting*, *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F. 3d 1293, 1295 (11th Cir. 2002).   "A shotgun pleading where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief does not comply with [Federal Rule 8(a)].   *See Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996)." *Peavey v. Black*, 476 Fed. Appx. 697, 699 (11th Cir. Fla. 2012) (*internal quotations omitted*).

> Anyone schooled in the law who read these shotgun pleading complaints…would know that many of the facts alleged could not possibly be material to all of the counts.   Consequently, [the opposing party] and the district court [have] to sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed.

---

[1] It is unclear what law UnitedHealth is seeking relief under in Count II of its counterclaim.  UnitedHealth cites to Fla. Stat. 817.234(7)(a) and Fla. Stat. 817.234(11) to support its claim that waiving co-insurance is fraudulent. UnitedHealth does not have standing to seek relief under a criminal statute.  The penalties set out for violation of Fla. Stat. 817.234(7)(a) include imprisonment and fines paid to the state.  Fla. Stat. 775.082, Fla. Stat. 775.083 and Fla. Stat. 775.084.  UnitedHealth does not have standing to bring this claim.  Only the state may bring a claim under these statutes.  UnitedHealth may not seek relief under these statutes, therefore Count II of the Counterclaim must be dismissed.

*Id.*, *quoting*, *Pelletier v. Zweigel*, 921 F.2d 1465, 1518 (11th Cir. 1991).  *See also*, *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010).

This Court dismissed one of Plaintiffs' claims on these very grounds.  *Sanctuary Surgical Ctr., Inc.*, LEXIS 57952 at *8.

> Here, although the first 25 paragraphs of the complaint contain allegations that appear to relate to some but not all of the counts, count one (which begins in paragraph 26) incorporates the first 23 paragraphs of the complaint.  In typical shotgun fashion, counts two, three and four successively incorporate the allegations of all the preceding paragraphs and counts, even though many of the allegations have no bearing on the claims.

*Id.*  UnitedHealth has pleaded their claims in the same fashion.  UnitedHealth's pleading contains 78 paragraphs of factual allegations and five counts.  Each count begins by incorporating paragraphs 1-78.  Counterclaim at ¶ 79, 87, 99, 104 and 111.  It is clear that not all of the facts alleged in the Counterclaim apply to each count, making it impossible for Plaintiffs to determine which alleged facts are material to each count.

All of UnitedHealth's claims must be dismissed for failure to comply with Federal Rules 8 and 10 as Plaintiffs cannot determine from the pleading which alleged facts are material to each count.

Alternatively, a more definitive statement is required.  While an outright dismissal is warranted based upon the vague, conclusory and speculative allegations, UnitedHealth should alternatively be required to provide a more definite statement.  *See* Fed. R. Civ. P. 12(e). "Where the allegations of a complaint are 'vague and ambiguous – leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader," under Rule 12(e). *Holbrook v. Castle Key Ins. Co.*, 2010 U.S. App. LEXIS 26003, *3 (11th Cir. Dec. 20, 2010) (citing *Byrne v. Nexhat*, 261 F.3d 1075, 1128-31 (11th Cir. 2001).  The Plaintiffs are entitled to a

more definite statement that will enable them to, at the very least, identify the claims at issue for each patient.  For these reasons, a more definite statement is warranted.

## II.   UNITEDHEALTH'S COUNTERCLAIM SHOULD BE DISMISSED AS UNITEDHEALTH DOES NOT HAVE STANDING TO BRING ITS CLAIMS.

### A.   UnitedHealth's claims are preempted by ERISA.

#### 1.   The plans at issue are governed under ERISA.

ERISA governs, "any employee benefit plan if it is established or maintained – (1) by an employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both."  29 U.S.C. 1003(a).  The plans in this case are either insured employee plans or self-funded employer plans administered by UnitedHealth.  All the plans at issue are thus governed by ERISA.

#### 2.   UnitedHealth is a fiduciary under the plans.

Under both ERISA and applicable case law, UnitedHealth is a fiduciary under the plans because UnitedHealth exerts control over plan administration and assets.  A party is a fiduciary under ERISA, "to the extent…he has any discretionary authority or discretionary responsibility in the administration of [an employee benefit plan."  29 U.S.C. 1002(21)(A)(iii).  "When administering employee benefits plans, [insurers] must make discretionary decisions regarding eligibility for plan benefits, and, in this regard must be treated as plan fiduciaries…Classifying any entity with discretionary authority over benefits determinations as anything but a plan fiduciary would thus conflict with EISA's statutory and regulatory scheme."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 220-221 (2004).

UnitedHealth engaged in conversations with Plaintiffs, verified or pre-authorized all benefits prior to the performance of the MUAs, processed claims, made determinations of medical necessity, paid claims and processed all Plaintiffs' appeals.  SAC ¶¶ 32-33, 41-43. UnitedHealth also states it approved claims.  Counterclaim ¶ 6, 35.  It is clear that UnitedHealth had discretionary authority over the plans and must be treated as a fiduciary.

### 3.    ERISA preempts UnitedHealth's counterclaim.

Section 514 of ERISA broadly preempts, with certain exceptions, "any and all State laws insofar as they may as they may now or hereafter relate to any employee benefits plan."  29 U.S.C. 1133(a).  Courts have interpreted this to mean that, "any state-law cause of action that duplicated, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc.*, 542 U.S. at 209.  Preemption exists because, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA."  *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 54 (1987).  UnitedHealth's Counterclaims are for fraud, unjust enrichment, violations of the Florida Unfair and Deceptive Trade Practices and civil theft.  Each of these is a state law cause of action that relates to the interpretation and payment of various ERISA plans that UnitedHealth administers.  Federal courts in Florida have routinely held that these causes of action are fully preempted by ERISA.

There are two types of preemption under ERISA.  The first is complete preemption: "(1) There must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under that plan, (3) the defendant must be an ERISA entity; and (4) the complaint must seek compensatory relief

akin to that available under § 1132(a), which is normally a claim for benefits under the plan." *Jones v. LMR International, Inc.*, 457 F.3d 1174, 1178 (11th Cir. 2006).

It is clear that all of the elements for complete preemption are present in this case. First, all of the claims at issue are related to ERISA plans. The ERISA plans are the only way the Plaintiffs and UnitedHealth are connected. Count I alleges fraud with respect to claims submitted for benefits. Counterclaim ¶ 79-86. These are claims for benefits under ERISA plans. Count II alleges fraud regarding the amount billed on claims for benefits. Counterclaim ¶ 87-98. These are claims for benefits under ERISA plans. Count III alleges unjust enrichment on claims submitted for benefits. Counterclaim ¶ 98-103. These claims are also for benefits under ERISA plans. Count IV alleging deceptive conduct with regard to bills submitted to UnitedHealth for benefits. Counterclaim ¶ 104-110. These are claims for benefits under ERISA plans. Count V alleges civil theft of monies received on claims for benefits. Counterclaim ¶ 111-119. These are also claims for benefits under ERISA plans. All of UnitedHealth's counterclaims are disguised claims for the reimbursement of benefits paid under ERISA plans.

Second, UnitedHealth has standing to sue under the plan. UnitedHealth seeks the return of benefits paid for plans that UnitedHealth administers. Counterclaim p. 21. Third, Plaintiffs are ERISA beneficiaries under ERISA plans, pursuant to the assignment of benefits received from each patient. SAC ¶ 59-66. Plaintiffs are beneficiaries under the plans.

Finally, the counterclaims seeks benefits payable under 29 U.S.C. 1132(a). This section of ERISA states:

> A civil action may be brought…by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan…

29 U.S.C. 1132(a)(3).   UnitedHealth, acting as fiduciaries under the ERISA plans, seek the reimbursement of funds paid from the ERISA plans for benefits that were allegedly not covered under the ERISA plans.

In *Butero v. Royal Maccabees Life Insurance Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999), the court further discussed ERISA complete preemption, "[h]ere's the rule: ERISA [complete preemption] exists...Regardless of the merits of the plaintiff's actual claims…when four elements are satisfied..."   (*internal citations omitted*).   The court found that Butero's claims were preempted by ERISA under complete preemption because the policy was an ERISA plan, she was a beneficiary of the plan, the plan was an ERISA entity and the damages sought were available under §1132.   *Id.* at 1212-1213.   "[W]e have held that claims against an insurer for fraud and fraud in the inducement to purchase a policy are in essence claims 'to recover benefits due to [the beneficiary] under the terms of the plan.' 29 U.S.C. § 1132(a)(1)(B)."   *Id.* at 1213.   It would follow that the reverse is also true, a claim against a provider for fraudulent payment of benefits is also a claim for benefits under ERISA.   UnitedHealth's claims for fraud must be dismissed because they are similarly preempted.

Similarly, in *Ehlen Floor Covering, Inc. v. Lamb*, 859 F. Supp. 2d 1285, 1289 (M.D. Fla. 2012), plaintiffs brought claims for violations of Florida's Deceptive and Unfair Trade Practices Act and misrepresentation.   The court found that these claims were completely preempted by ERISA as they fell within the scope of ERISA, plaintiff had standing to sue under ERISA and the claims relate to the administration of the plan.   *Id.* at 1292.   UnitedHealth's claim under Florida's Deceptive and Unfair Trade Practices Act must be dismissed because it is preempted by ERISA.

11

The second type of ERISA preemption is defensive preemption. "A state law claim is defensively preempted if it is *related* to an ERISA plan. 29 U.S.C. § 1144(a)." *Jones*, 457 F.3d at 1179. The Supreme Court has interpreted the phrase "related to," to include any state law claim having, "a connection with or reference to," an employee benefits plan. *New York Conference of Blue Cross & Blue Shield Plans v. Revelers Ins. Co.*, 514 U.S. 645, 656 (1995).

In *Hall v. Blue Cross/Blue Shield of Alabama*, 134 F.3d 1063, 1064 (11th Cir. 1998), plaintiff brought a claim against the insurer for fraudulent inducement. The count found that, the necessity, "to resort to the terms and provisions of Blue Cross's employee benefits plan plainly implicated ERISA. Hall's state law fraudulent inducement claims are therefore related to Blue Cross's administration of an ERISA governed plan and, as such, are preempted." *Id.* at 1066. *See also*, *Engelhardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346 (11th Cir. 1998) ("Engelhardt's fraud claim affects the ongoing ERISA relationship between Engelhardt and Paul Revere… Engelhardt's claim against Paul Revere related to an ERISA plan and is thus preempted."), *Smith v. Wynfield Dev. Co., Inc.*, 238 Fed. Appx. 451, 457 (11th Cir. 2007) ("Smith's claims for relief that relate to the group medical insurance, although characterized as state law tort claims, are subject to complete preemption under ERISA and satisfy the four part test established in *Butero*.") UnitedHealth's claims clearly relate to an ERISA plan. The ERISA plans are the only connection between the parties. UnitedHealth is seeking the reimbursement of benefits paid out under these plans. UnitedHealth's claims are clearly claims for benefits under an ERISA plan. UnitedHealth's claims must be dismissed as they are preempted by ERISA.

In *Jones,* the plaintiffs brought claims for fraud, civil theft and unjust enrichment among other things. *Jones,* 457 F.3d at 1176. The plaintiffs alleged that the funds were taken out of their paycheck for insurance, those funds were never remitted to the insurer. *Id.* The Court

found the claims were defensively preempted by ERISA as they related to ERISA plans.  *Id.* at 1179.  UnitedHealth's claims for unjust enrichment and civil theft must also be dismissed as they are preempted by ERISA.

All of UnitedHealth's claims are preempted by ERISA and must be dismissed.

**B.    The statute of limitations to bring a claim for the recoupment of benefits has passed.**

The state of Florida has strict rules regarding reimbursement by health insurers. UnitedHealth seeks to circumvent these laws in order to recoup reimbursements paid to Plaintiffs for services provided from 2006-2009 outside of the timeframes established by law.  Fla. Stat 627.6131(6) states:

> If a health insurer determines that it has made an overpayment to a provider for services rendered to an insured, the health insurer must make a claim for such overpayment to the provider's designated location.  A health insurer that makes a claim for overpayment to a provider under this section shall give the provider a written or electronic statement specifying the basis for the retroactive denial or payment adjustment.  The insurer must identify all the claims or claims, or overpayment claim portion thereof, for which a claim for overpayment is submitted.

The insurer only has 30 months after the payment of the claim to submit a claim for overpayment.  UnitedHealth filed its counterclaim on November 6, 2012.  This means that they may only seek recoupment of an overpayment for dates of service after May 6, 2010.  All of the claims at issue in the Counterclaim arose prior to May 6, 2010.  Further, UnitedHealth did not give the requisite notice pursuant to Fla. Stat. 627.6131.

The 30 month time limit may be extended under the following circumstances:  "A claim for overpayment shall not be permitted beyond 30 months after the health insurers payment of claim, except that claims for overpayment may be sought beyond that time from providers **convicted** of fraud pursuant to *s.* 817.234." Fla. Stat. 626.6131(6)(b) (*emphasis added*).  The

Plaintiffs have not been convicted of fraud pursuant to Fla. Stat. 817.234 or any other statute for that matter.

All of UnitedHealth's claims must be dismissed because they are merely claims for the recoupment of paid benefits to Plaintiffs, which do not comply with the time frames set forth in Fla. Stat. 627.6131.   In fact, UnitedHealth's "post payment audit" from which it bases its Counterclaim allegations, appears to be a fishing expedition in response to the filing of this litigation.

## III.   UNITEDHEALTH HAS FAILED TO PLEAD FRAUD WITH PARTICULARITY.

UnitedHealth has failed to plead fraud with particularity pursuant to Federal Rule 9(b). "Federal Rule of Civil Procedure 9(b) requires that fraud be pled with specificity.  The plaintiff's complaint must allege the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  *Cooper v. Blue Cross and Blue Shield of FL, Inc.*, 19 F.3d 563 (11th Cir. 1994).  It is clear that UnitedHealth has not provided enough alleged facts to meet the requirements under Federal Rule 9(b).

All claims sounding in fraud must, "state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. (9)(b); *see Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010); *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1351-1352 (S.D. Fla. 2009).  To satisfy this requirement, UnitedHealth must identify:

> (1) Precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Mizzaro*, 544 F.3d at 1237 (*quotations omitted*).   UnitedHealth presents a few examples of various claims of fraud, but does not identify when and where they occurred and it is unclear to which patients the fraud is being alleged.

Similarly, UnitedHealth has not provided the necessary allegations to maintain any claims of fraud against the Plaintiffs.   Count I of the counterclaim alleges that Plaintiffs submitted claims to UnitedHealth containing false information in order to induce payment. Counterclaim ¶ 80-83.   UnitedHealth does not even attempt to provide enough information to sustain this count.   UnitedHealth gives approximately 34 references to specific patients for various fraud theories.   Counterclaim ¶ 49, 50, 54, 52, 56, 57, 66, 69, and 78.   There are hundreds of claims at issue in this case and there is no information regarding the alleged fraud on the other hundreds of claims.   UnitedHealth has not identified what the representations were, what documents contained the representations, when they were made or who was responsible for making them.   This count must be dismissed for failure to plead fraud with particularity.

Count II of the counterclaim alleges that Plaintiffs waived co-insurance.   Counterclaim ¶ 92.   Aside from UnitedHealth only giving two examples of patients allegedly not paying co-insurance, UnitedHealth fails to allege that in these specific instances Plaintiffs waived the co-insurance.   Counterclaim ¶ 66.   Non-payment of a claim does not equate to waiver of the responsibility of payment.   It is also unclear how the co-insurance was allegedly waived, when it was allegedly waived and by whom.   Further, it is not clear to what other patients, if any, this Count applies.   This count must be dismissed for failure to plead fraud with particularity.

## IV. CLAIMS BETWEEN THE PLAINTIFFS AND UNITEDHEALTH ARE NOT COVERED BY FLA. STAT. § 772.11.

Count V of the Counterclaim alleges the Plaintiffs submitted false claims and wrongfully received $9,719,897.00 from UnitedHealth, thereby committing civil theft.   This Count also

seeks treble damages.  UnitedHealth brings this claim under Fla. Stat. § 772.11 and Fla. Stat. § 812.014.  Fla. Stat. § 772.11(1) states, "[a]ny person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037, or s. 825.103(1) has a cause of action for threefold of the actual damages sustained…"

The statute goes on to state, "[t]his section does not impose civil liability regarding the provision of health care, residential care, long-term care, or custodial care at a licensed facility or care provided by appropriately licensed personnel in any setting in which such personnel are authorized to practice."  Fla. Stat. § 772.11(3).  The claims at issue are clearly regarding the provision of healthcare.  The claims were submitted to UnitedHealth for the performance of MUAs, which is the "provision of healthcare" and "care provided by appropriately licensed personnel in any setting in which such personnel are authorized to practice."  *Id.*  The MUAs were performed by properly licensed personnel in a licensed ambulatory surgical center.  This Count must be dismissed because the claims at issue are specifically excluded by statute.

Moreover, even if the claims were not excluded under the statute, UnitedHealth has not satisfied any of the conditions for a cause of action for civil theft. The allegations at issue involve a dispute over healthcare reimbursement made to an out-of-network provider not a case where moneys were stolen from UnitedHealth by the Plaintiffs.

Fla. Stat. § 812.014 defines "theft" as follows:

(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit from the property. (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

Under Fla. Stat. § 812.014, UnitedHealth must establish and successfully identify, "a legally recognized property interest in the items stolen." *Balcor Property Management, Inc. v.*

*Ahronovitz*, 634 So. 2d 277, 279 (Fla. Dist. Ct. App. 4th Dist. 1994); *Florida Desk, Inc. v. Mitchell International, Inc.*, 817 So. 2d 1059 (Fla. Dist. Ct. App. 5th Dist. 2002). UnitedHealth has not established that it has a legal property interest in the funds paid on behalf of patients to Plaintiffs who are out of network providers.

In addition, another requirement for a civil theft cause of action is that the plaintiff plead and prove that the defendant acted with "felonious intent to steal." Criminal intent is an essential element of civil theft. If the pleading fails to allege "felonious intent to steal," a civil theft cause of action must be dismissed. *Lewis v. Heartsong*, 559 So. 2d 453 (Fla. Dist. Ct. App. 1st Dist. 1990) (complaint deficient where a store owner did not allege that defendants, who removed inventory and property from the store without consent, and then refused to return the property or tender payment, acted with a "felonious intent to steal").

Plaintiffs did not feloniously attempt to steal UnitedHealth's money. As evidenced by its filing of this case, Plaintiffs believed and still believe that they are entitled to payment for the MUA claims submitted to UnitedHealth. It is clear that UnitedHealth's civil theft claim lacks both legal and factual substance. The civil theft statute provides that, "the defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support." *Skubal v. Cooley*, 650 So. 2d 169 (Fla. Dist. Ct. App. 4th Dist. 1995) (trial court dismissed civil theft claim and awarded reverse fees upon finding that the claim was without substantial fact or legal support).

UnitedHealth is attempting either to intimidate plaintiffs with a $29,159,692.00 claim or attempting to get a second bite at the apple by alleging civil theft for an out of time reimbursement claim. The civil theft claim lacks any legal and factual support and should be

dismissed and Plaintiffs should be awarded reverse attorneys' fees in connection with the civil theft claim.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that their Motion to Dismiss be granted and UnitedHealth's Counterclaim dismissed.

Respectfully submitted,

BY: ____/s/ Martin R. Raskin_____
        MARTIN R. RASKIN
        Florida Bar No. 0315206
        mraskin@raskinlaw.com


BY: ____/s/ Jane Serene Raskin_____
        JANE SERENE RASKIN
        Florida Bar No. 0848689
        jraskin@raskinlaw.com
        RASKIN & RASKIN, P.A.
        866 South Dixie Highway
        Coral Gables, Fl. 33146
        Telephone: (305) 444-3400
        Facsimile: (305) 445-0266
        Counsel for Sanctuary Surgical
        Centre, Inc., Gladiolus Surgery
        Center, LLC, Physicians Surgical
        Group, LLC, Naples Physicians
        Surgical Group, LLC, PSG of S.
        Florida, LLC, and Physicians
        Surgical Group of Boca Raton, LLC

BY: ____/s/ Stephen E. Lampf_____
        STEPHEN E. LAMPF
        lampf@llpplaw.com


BY: ____/s/ Traci A. Zalinski_____
        TRACI A. ZALINSKI
        zalinski@llpplaw.com
        LAMPF, LIPKIND, PRUPIS &
        PETIGROW
        80 Main Street, Suite 350
        West Orange, New Jersey 07052
        Telephone: (973) 325-2100
        Facsimile: (973) 325-2839
        Co-Counsel for Sanctuary Surgical
        Centre, Inc., Gladiolus Surgery Center,
        LLC, Physicians Surgical Group, LLC,
        Naples Physicians Surgical Group, LLC,
        PSG of S. Florida, LLC, and Physicians
        Surgical Group of Boca Raton, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Respectfully submitted,

/s/ Martin R. Raskin_____
MARTIN R. RASKIN
Florida Bar No. 0315206
mraskin@raskinlaw.com

/s/ Jane Serene Raskin_____
JANE SERENE RASKIN
Florida Bar No. 848689
jraskin@raskinlaw.com

RASKIN & RASKIN, P.A.
866 South Dixie Highway
Coral Gables, Fl. 33146
Telephone: (305) 444-3400
Facsimile: (305) 445-0266